IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**GREGORY S. STARR,**

               Petitioner,

     v.                           CASE NO. 05-3352-SAC

**RAY ROBERTS, et al.,**

               Respondents.

**O R D E R**

This matter is before the court on a petition for habeas corpus filed pursuant to 28 U.S.C. 2254.  Petitioner proceeds pro se, and the court grants leave to proceed in forma pauperis.

**Legal standards**

This habeas corpus action is governed by a one-year limitation period established in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  See 28 U.S.C. 2244(d)(1).

The limitation period ordinarily begins to run from the date upon which the judgment becomes final by the conclusion of direct review.  28 U.S.C. 2244(d)(1)(A); see Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001)(conviction final after 90-day time period for filing petition for writ of certiorari expires).

The limitation period is tolled while a properly-filed application for state post-conviction relief is pending. 28

U.S.C. 2244(d)(2).

The one-year limitation period also is subject to equitable tolling in extraordinary circumstances. Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998).

**Factual background and application**

The following facts are taken from the petition and from records of the Kansas appellate courts.[1]

Petitioner was convicted in the District Court of Montgomery County, Kansas, in 1994. The Kansas Supreme Court issued an order on April 19, 1996, affirming in part, vacating in part, and remanding. State v. Starr, 915 P.2d 72 (Kan. 1996). The conviction was final, for purposes of habeas corpus review, ninety days later, and the one-year limitation period began to run.

Petitioner filed a petition for postconviction relief in 1997 pursuant to K.S.A. 60-1507. The filing of that petition tolled the limitation period.

Relief was denied, and petitioner sought leave to appeal out of time in August 1997.[2] The Kansas Court of Appeals affirmed the denial of relief, and the mandate was issued on November 10,

---

[1] Relevant electronic records are attached.

[2] The court notes that time beyond the statutory period for filing an appeal from the denial of a post-conviction action is counted in the limitation period. It is unclear from the present record how many days elapsed.

2

1998. Petitioner did not file a petition for review, and the limitation period began to run again.

It does not appear that petitioner took further action to challenge his conviction until 2001, when he filed a second action pursuant to K.S.A. 60-1507, No. 01C199I. Relief was denied, and petitioner did not appeal.

In 2003, petitioner filed a third action pursuant to K.S.A. 60-1507, No. 03CV112I. The state district court denied relief, and the Kansas Court of Appeals affirmed that decision on May 7, 2004. The Kansas Supreme Court denied review on September 15, 2004, and the mandate issued on the following day.

It appears from the present record that more than one year elapsed between the denial of relief by the Kansas Court of Appeals in 1998 and the filing of petitioner's second application for post-conviction relief in 2001. Unless petitioner identifies an event in that time which would toll the running of the limitation period or extraordinary circumstances which would justify equitable tolling of the limitation period, this matter is subject to dismissal.

The court will direct petitioner to show cause why this matter should not be dismissed for the reasons set forth.

IT IS THEREFORE ORDERED petitioner's motion for leave to proceed in forma pauperis (Doc. 2) is granted.

3

IT IS FURTHER ORDERED petitioner is granted to and including October 22, 2005, to show cause why this matter should not be dismissed due to his failure to present this action within the one-year limitation period. The failure to file a timely response may result in the dismissal of this matter without further notice.

A copy of this order shall be transmitted to the petitioner.

**IT IS SO ORDERED.**

DATED: This 9th day of September, 2005, at Topeka, Kansas.

    S/ Sam A. Crow
    SAM A. CROW
    U.S. Senior District Judge