```
         IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF KANSAS
```

**GREGORY S. STARR,**

                      **Petitioner,**

        v.                                    CASE NO. 05-3352-SAC

**RAY ROBERTS, et al.,**

                      **Respondents.**

### O R D E R

This matter is a petition for habeas corpus filed pursuant to 28 U.S.C. § 2254. The respondents have filed a motion to dismiss this action as time-barred (Doc. 8), and petitioner filed a response (Doc. 9). Having examined the record, the court enters the following findings and order.

**Background**

Petitioner was convicted of first-degree murder, one count of aggravated battery, and two counts of aggravated assault in the District Court of Montgomery County on June 23, 1994. On August 4, 1994, petitioner was sentenced to a term of life for the murder conviction and consecutive terms of thirteen months for the aggravated burglary conviction and seventeen months for each of the aggravated assault convictions. The convictions were affirmed on direct appeal to the Kansas Supreme Court on April

19, 1996, but the matter was remanded for resentencing. <u>State v. Starr</u>, 915 P.2d 72 (Kan. 1996). Petitioner was resentenced in August 1996.

On March 4, 1997, petitioner filed an action for postconviction relief pursuant to K.S.A. § 60-1507. The state district court denied relief on March 17, 1997. The Kansas Court of Appeals affirmed that decision. <u>Starr v. State</u>, No. 79, 693 (Kan. Ct. App. 10/9/98)(unpublished order).

Petitioner did not file a petition for review in the Kansas Supreme Court, and the Kansas Court of Appeals issued a mandate on November 10, 1998.

On December 19, 2001, petitioner filed a second motion pursuant to K.S.A. 60-1507 in the state district court. The court denied relief on September 5, 2002. Petitioner filed an appeal but voluntarily dismissed it on November 27, 2002.

On September 17, 2003, petitioner filed another motion for relief pursuant to § 60-1507. The state district court denied relief on October 6, 2003. Petitioner filed an appeal, and the Kansas Court of Appeals affirmed the denial on May 7, 2004. <u>Starr v. State</u>, No. 91, 465 (Kan. Ct. App. 5/7/04)(unpublished order). The Kansas Supreme Court denied review on September 15, 2004.

Petitioner executed the petition in this action on August 17, 2005, and it was docketed on August 29, 2005.

2

**Discussion**

This action is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA). The AEDPA, enacted in 1996, establishes a one-year limitation period for the filing of a habeas corpus petition. 28 U.S.C. § 2244(d).

Generally, the limitation period beings to run on the date the petitioner's conviction becomes final, and it is tolled during the pendency of a properly-filed application for post-conviction relief. § 2244(d)(1) and (2).

The limitation period also is subject to equitable tolling; however, such tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000).

Respondents contend petitioner's conviction became final on July 18, 1996. Under their calculation, the limitation period began to run at that time and was tolled by the filing of petitioner's motion under § 60-1507 on March 4, 1997. The respondents argue the limitation period began to run again on November 8, 1998, upon the expiration of the time to seek review in the Kansas Supreme Court, and expired on March 25, 1999.

Petitioner contends the limitation period did not begin running until he was resentenced in August 1996. However, even

3

if petitioner's argument is accepted, it does not follow that the present petition is timely, because it is uncontested that more than two years elapsed between the November 1998 expiration of the time to seek review in the Kansas Supreme Court and the December 2001 filing of petitioner's second action under § 60-1507.

The court concludes the present petition was not filed within the one-year limitation period and finds no basis to grant equitable tolling.

IT IS, THEREFORE, BY THE COURT ORDERED respondents' motion to dismiss (Doc. 8) is granted.

Copies of this order shall be transmitted to the parties.

**IT IS SO ORDERED.**

DATED:  This 14th day of February, 2006, at Topeka, Kansas.


S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge